820 F.2d 405
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James T. SULLIVAN, Plaintiff-Apellant,
v.
Sgt. KRYSCIO, Defendant-Appellee.
 No. 86-2114.
 United States Court of Appeals, Sixth Circuit.
 June 11, 1987.
 
 Before MERRITT and MARTIN, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of this pro se plaintiff's appeal from a judgment of the district court which dismissed his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. Upon examination of the record and the briefs submitted by the parties, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 Plaintiff, an inmate at the Jackson State Prison, filed an action pursuant to 42 U.S.C. Sec. 1983 in the district court for the Eastern District of Michigan. As the basis of his claim for both compensatory and punitive damages, he alleged that defendant, a guard at that institution, had wrongfully lodged a disciplinary charge of being "temporarily out of place" against him, even though the prison rules of conduct did not establish such an infraction. The district court, however, determined that plaintiff's claim was without merit and entered judgment dismissing the action. Plaintiff thereafter filed this appeal.
 
 
 3
 Examination of the record indicates that the district court's dismissal of plaintiff's action should be affirmed due to his failure to establish the existence of the elements necessary to give rise to a claim under 42 U.S.C. Sec. 1983. Specifically, in order to state a claim under that statute, a plaintiff must plead that he has been deprived of a right secured by the Constitution and laws of the United States and that the defendant deprived him of that right while acting under color of state law. Flagg Bros. Inc., v. Brooks, 436 U.S. 149, 155-57 (1978); Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570, 576 (6th Cir.1979). Plaintiff failed to satisfy the first of those requirements as review of the record, particularly the complaint, discloses that aside from the allegedly improper disciplinary proceeding, defendant took no action against him which is capable of being construed as a deprivation of a right or interest of constitutional magnitude. Furthermore, even if his assertion that defendant arbitrarily instituted the disciplinary proceeding against him were assumed to be true, plaintiff still has not established an injury sufficient to give rise to an action under 42 U.S.C. Sec. 1983 as the record clearly demonstrates that he was eventually acquitted of the charge of misconduct and suffered no deprivations as a result.
 
 
 4
 For the foregoing reasons, the judgment of the district court entered November 14, 1987, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.